Johnson, J.
This is action to recover the value of a slave, sold by defendant to plaintiff, for $310, on the ground that the slave was diseased at the time of the sale, and afterwards died of the disease, and that Thomas N. Gadsden, the defendant’s agent, in negotiating the sale, represented to the plaintiff that the slave was a good bricklayer, when in truth he was not; and I understand from the counsel, that the declaration is framed to cover both these grounds, to which no objection has been stated. The evidence for the plaintiff went to both these grounds, and the jury have found a general, verdict for the plaintiff for $250, and notwithstanding the evidence was not of the most decided and satisfactory character, yet it was such as to justify the conclusion that the slave was diseased at the time of the sale, and afterwards died of the disease, and that Gadsden did represent him as a good bricklayer, when in truth he was not; and so far as the facts are concerned, I see nothing in the case which would warrant the Court in setting aside the verdict. The bill of sale, however, which the defendant executed to the plaintiff for the slave, contains no other warranty than that of title, and it is objected that evidence to show that the slave was represented in the treaty of sale as a bricklayer, was inadmissible, as it was calculated to add to the written warranty.
The general rule very cle.arly is, that parol evidence will not be received to add to or vary the terms of a written contract, *354 and that holds universally when the right claimed is under the contract; but when the party has been induced to enter into the contract by the representations of the party contracted with, falsely made with the intention of deceiving him, the frau(j js the foundation of the action, and the admission of parol evidence to prove it, is no violation of the rule. 2 Starkie’s Evidence, 467-8, and note — As upon a false representation of the rents of an estate in the treaty for the sale, 2 Lord Ray. 1118 ; and so of the case of common occurrence, when, in a treaty for the sale of lands, the seller represents the boundary described in the conveyance to include a particular object or portion of land, when it does not, 13 Johnson, 395.
But if this difficulty could be gotten over there is another even more formidable, with which the defendant would have to contend. It is the settled rule óf this Court that a written warranty of title does not exclude the implied warranty of soundness, and no objection having been raised to the joinder of this count with the count in deceit, and the verdict being general, must be sustained on the count for the implied warranty, if the other should fail.
The motion must bo dismissed.
Harper, J. concurred.